FILED
CHARLOTTE, NC
SEP 18 2025
US DISTRICT COURT
WESTERN DISTRICT OF NC

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAMONTY DAVID LEE BROWN | DOCKET NO. 3:25-cr-254-MOC<br><br>BILL OF INDICTMENT<br>Violations: 18 U.S.C. § 371<br>18 U.S.C. § 2114(a)<br>18 U.S.C. § 2 |

### THE GRAND JURY CHARGES:

### COUNT ONE
*(Conspiracy to Assault and Rob a Mail Carrier)*

From at least as early as early as February 24, 2025, through February 25, 2025, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

**DAMONTY DAVID LEE BROWN,**

knowingly combined, conspired, confederated, and agreed with others, known and unknown to the Grand Jury, to assault a person having lawful charge, custody, and control of United States mail matter and other property of the United States, with intent to rob, steal, and purloin said mail matter, and other property of the United States, in violation of Title 18, United States Code, Sections 2114(a).

### THE WAYS, MANNER, AND MEANS OF THE CONSPIRACY

The purpose of the conspiracy was to obtain a postal key which is property of the United States, commonly known as an "arrow key," which is master key capable of opening locked mail receptacles and letter boxes. The ways, manner, and means by which the members of the conspiracy accomplished the conspiracy included the following:

a. It was part of the conspiracy that members of the conspiracy would travel to intercept a mail carrier during a mail delivery route.

b. It was further part of the conspiracy that members of the conspiracy would threaten a mail carrier with bodily harm.

c. It was further part of the conspiracy that members of the conspiracy would demand a master key from the mail carrier.

## OVERT ACTS

In furtherance of this conspiracy, and to effect the objects thereof, at least one of the co-conspirators committed overt acts in the Western District of North Carolina and elsewhere, including, but not limited to, the following:

a. On or about February 25, 2025, **DAMONTY DAVID LEE BROWN** and others travelled together in a Mitsubishi vehicle to Tumbling Brook Lane in Charlotte, North Carolina, to intercept mail carrier B.D. while B.D. was engaged in mail delivery.

b. On or about February 25, 2025, a member of the conspiracy exited the Mitsubishi vehicle in a manner consistent with carrying a firearm, approached B.D., and demanded that B.D. "Give me the key."

c. On or about February 25, 2025, B.D. surrendered his keys, which were property of the United States Postal Service, to a member of the conspiracy who then returned to the Mitsubishi driven by **DAMONTY DAVID LEE BROWN**.

d. **DAMONTY DAVID LEE BROWN** took possession of the keys belonging to United States Postal Service after those keys were taken from B.D.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
*(Assault with Intent to Rob a Mail Carrier)*

On or about February 25, 2025, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**DAMONTY DAVID LEE BROWN,**

aiding and abetting others, known and unknown to the Grand Jury, did assault B.D., a person having lawful charge, custody, and control of United States mail matter and other property of the United States, with intent to rob, steal, and purloin said mail matter, and other property of the United States, all in violation of Title 18, United States Code, Sections 2114 and 2.

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 924 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 924 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All firearms and ammunition involved or used in such violations; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

A TRUE BILL

_____
FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

_____
TIM SIELAFF
ASSISTANT UNITED STATES ATTORNEY